Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Zaribel Ortiz Sierra<br><br>Apelante<br><br>vs.<br><br>Good Vibes Gastronomic, Inc.; Shaquille Sánchez Tanco, Compañías de Seguros A, B, C y Otros<br><br>Apelados | KLAN202400671 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: CA2023CV02644<br><br>Sobre: Enriquecimiento Injusto, Daños |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de julio de 2024.

Comparece ante nos, la señora Zaribel Ortiz Sierra (en adelante, Sra. Ortiz Sierra o apelante), quien presenta recurso de apelación en el cual solicita la revocación de la "Sentencia Parcial" emitida el 22 de mayo de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI o foro apelado). Mediante dicho dictamen, el foro apelado desestimó la causa de acción de la parte apelante con perjuicio.

Luego de evaluar el escrito de la apelante, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de los apelados, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración,

---

[1] Notificada el 23 de mayo de 2024.

confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 22 de agosto de 2023, la Sra. Ortiz Sierra presentó una "Demanda" por daños contra el señor Shaquille Sánchez Tanco (en lo sucesivo, Sr. Sánchez Tanco) y Good Vibes Gastronomic, Inc. (a continuación, GVG o apelado). En síntesis, la apelante alegó que los apelados incumplieron con los términos de un contrato de arrendamiento, por lo que reclamó sobre $100,000.000 en daños, más intereses, gastos y honorarios de abogado. Como consecuencia, el 23 de octubre de 2023, el Sr. Sánchez Tanco y GVG presentaron, en conjunto, una "Contestación a Demanda y Reconvención", y negaron la mayoría de las alegaciones contenidas en la reclamación. A su vez, reconvinieron contra la apelada, y adujeron que esta última abandonó, sin justificación alguna, el vagón comercial alquilado antes de que venciera el contrato. Debido a lo anterior, le reclamaron 14 mensualidades adeudadas en concepto de cánones de arrendamiento, para un total de $35,000.000. De igual manera, solicitaron el 10% de los cánones adeudados, por concepto de mora y exigieron el pago de $150,000.00 por sufrimientos y angustias mentales.

Tras varios trámites procesales impertinentes a la controversia, el 5 de diciembre de 2023, el Sr. Sánchez Tanco y GVG presentaron una "Solicitud de Anotación en Rebeldía y Sentencia en Conformidad y Otros Extremos". En la misma argumentaron que, la parte apelante había incurrido en rebeldía al no presentar contestación a la "Reconvención" instada por ellos. Por su parte, el foro apelado le concedió a la Sra. Ortiz Sierra el término de 20 días para replicar y no contestó. Así pues, el 27 de diciembre de 2023, el TPI le anotó rebeldía a la parte apelante.

En vista de lo anterior, el 25 de enero de 2024, la Sra. Ortiz Sierra solicitó "Moción Solicitando Relevo de Rebeldía" y presentó su contestación a la reconvención. En igual fecha, el Sr. Sánchez Tanco presentó "Oposición a Solicitud de Relevo de Anotación de Rebeldía".[2] En esencia argumentó que, ante la ausencia de prueba de causa justificada para cumplir con la presentación de la contestación a la reconvención por parte de la Sra. Ortiz Sierra, no procedía el relevo de la anotación de la rebeldía. Así las cosas, el 5 de marzo de 2024, el TPI emitió una "Resolución" en la que declaró No Ha Lugar a la solicitud de relevo de anotación de rebeldía presentada por la apelante. Ante la negativa de levantar la rebeldía, el 20 de marzo de 2024, la apelante presentó "Moción Solicitando Reconsideración". Sin embargo, el 16 de abril de 2024, mediante "Resolución", el TPI declaró No Ha Lugar la solicitud de relevo de anotación de rebeldía.

El Sr. Sánchez Tanco, el 18 de abril de 2024, presentó una "Moción en Solicitud de Desestimación de la Demanda y Conversión de Vista de Seguimiento a Vista Evidenciara".[3] En la misma argumentó que, los hechos bien alegados en la reconvención eran completamente irreconciliables con las alegaciones de la "Demanda", por lo cual procedía que la misma fuera desestimada. Luego de que la apelante pidiera prórroga para replicar a la solicitud de desestimación y el Sr. Sánchez Tanco oponerse a dicha solicitud, el 20 de mayo de 2024, este último y GVG presentaron "Moción en Oposición a Solicitud de Prórroga Solicitada por la Parte Demandante".

Así las cosas, mediante "Sentencia Parcial" emitida el 22 de mayo de 2024 y notificada el 23 de igual mes y año, el TPI dictó lo siguiente:

---

[2] "Oposición a Solicitud de Relevo de Anotación de Rebeldía Presentada por la Demandante"

[3] "Moción en Solicitud de Desestimación de la Demanda y Conversión de Vista de Seguimiento a Vista Evidenciaria".

**SENTENCIA PARCIAL**

*Vista la Moción en Solicitud de Desestimación de la Demanda y Conversión De Vista De Seguimiento A Vista Evidenciaria presentada por la parte demandada reconviniente y la Oposición a la misma, el tribunal declara la primera Ha Lugar, acoge la misma y desestima la cusa de acción de la parte demandante reconvenida con perjuicio, a tenor con la Regla 10.2 de las de Procedimiento Civil. (…)* Véase Ap. pág. 55.

Debido a dicha desestimación, el 7 de junio de 2024, la apelante presentó "Moción de Reconsideración". Por su parte, el 12 de junio de 2024, el Sr. Sánchez Tanco y GVG se opusieron a la "Moción de Reconsideración" presentada por la Sra. Ortiz Sierra. Presentada la posición de ambas partes, el 14 de junio de 2024, el TPI emitió y notificó una "Resolución" en la cual declaró No Ha Lugar a la "Moción de Reconsideración". Insatisfecha con dicha determinación, la apelante recurre ante este foro apelativo intermedio y alega la comisión del siguiente error, a saber:

*Erró el Tribunal de Primera Instancia al denegar la reconsideración y desestimar la demanda de la parte demandante en su totalidad ante la rebeldía anotada a la parte demandante.*

**II.**

La rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). El mecanismo de la rebeldía se utiliza como disuasivo al empleo de la dilación como estrategia de litigación. *Íd.* Funciona como "remedio coercitivo" contra una parte que, por pasividad o temeridad, opta por no hacer uso de la oportunidad de refutar la reclamación en su contra. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 101 (2002). Se le anotará la rebeldía no solo a la parte que deje de presentar alegaciones o de defenderse, sino también como sanción para aquella parte que incumpla con una orden del Tribunal. Regla 45.1 de Procedimiento

Civil, 32 LPRA Ap. V, R.45.1; *Rivera Figueroa v. Joe's European Shop, supra,* a la pág. 588.

La anotación de rebeldía conlleva la consecuencia jurídica de que se admitirán "como ciertas todas y cada uno de los hechos *correctamente* alegados". *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005). Esto es que, se dan por admitidas "las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b)". Regla 45.1 de Procedimiento Civil, *supra.* La parte en rebeldía tampoco podrá presentar prueba para controvertir las alegaciones ni podrá presentar defensas afirmativas. *Rodríguez v. Tribunal Superior,* 102 DPR 290, 294 (1974).

Para anotarle la rebeldía a una parte, deberán satisfacerse los requisitos de la Regla 45.1 de Procedimiento Civil, *supra,* que son: que la parte haya dejado de presentar alegaciones o de defenderse en el término provisto, y que ello se pruebe "mediante una declaración jurada o de otro modo". *Rivera Figueroa v. Joe's European Shop, supra,* a la pág. 589. Aun así, hay ciertas circunstancias en las que tal anotación no procede "y la parte reclama con éxito el que ésta se levante". *Íd.* La anotación de rebeldía a una parte, como sanción por incumplir con una orden del tribunal, "siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". *Íd.*, a la pág. 590.

Según lo establece la Regla 45.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 45.3, el Tribunal puede dejar sin efecto una anotación de rebeldía si existe una causa justificada, así como podrá dejar sin efecto una sentencia en rebeldía a tenor de lo dispuesto en la Regla 49.2 de Procedimiento Civil, 32 LPRA, Ap. V, R. 49.2. Al respecto, abundó nuestro más Alto Foro: "[n]ótese entonces, que mientras en la Regla 45.1 de Procedimiento Civil, *supra,* los requisitos a cumplirse para la anotación de una rebeldía

-y lógicamente para que se levante tal anotación ante un incumplimiento- son los que se expresan en la propia regla, en la Regla 45.3 de Procedimiento Civil, *supra*, el 'dejar sin efecto' tal anotación dependerá de la existencia de justa causa". *Rivera Figueroa v. Joe's European Shop, supra*, a la pág. 592. Ahora bien, aun cuando la facultad para dejar sin efecto una anotación de rebeldía está enmarcada en la existencia de justa causa, a tenor de los parámetros expuestos en *Neptune Packing Corp. v. Wakenhut Corp.*, 120 DPR 283, 293 (1988) y en *Díaz v. Tribunal Superior*, 93 DPR 79, 87 (1966), "esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía". *Íd.*

### III.

En el caso de autos, la Sra. Ortiz Sierra incumplió en dos ocasiones con presentar su réplica a la reconvención presentada por el Sr. Sánchez Tanco y GVG. En primera instancia, la apelada incumplió con la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1, pues no presentó su contestación dentro de los 10 días que dispone la regla. Tardíamente, la Sra. Ortiz Sierra solicitó prórroga de 20 días adicionales. Concedido el término solicitado por la apelante, nuevamente, dejó de presentar su réplica a la reconvención. Conforme dispone la Regla 45.1 de Procedimiento Civil, *supra*, cuando una parte no contesta la demanda o no se defiende tal cual las leyes y las reglas, el tribunal podrá anotarle la rebeldía por iniciativa propia o a solicitud de parte.

La Regla 45.1 de Procedimiento Civil, *supra*, establece que, la anotación de rebeldía tiene como consecuencia que se den por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde y autoriza al tribunal para que dicte sentencia si es que procede como cuestión de derecho. *Rivera Figueroa v. Joe's European Shop, supra*, a la

pág. 590. Por su parte, nuestro más Alto Foro también ha determinado que una parte en rebeldía no podrá presentar prueba para controvertir las alegaciones ni esbozar defensas afirmativas. *J.R.T. v. Missy Mfg. Corp.,* 99 DPR 805, 811 (1971).

En el presente caso, el Sr. Sánchez Tanco y GVG, hicieron formar parte de la reconvención todas las alegaciones contenidas en la "Contestación a la Demanda", así como a las Defensas Afirmativas. En el caso ante nos, todos los hechos bien admitidos en la reconvención, sin duda, restaron veracidad a las alegaciones de la "Demanda". Así pues, analizada la reconvención resultó que, los hechos bien alegados en la misma resultaron completamente irreconciliables con las alegaciones de la "Demanda". Por consiguiente, procedía que la "Demanda" fuera desestimada.

En lo específico, la Sra. Ortiz Sierra levantó supuestas defensas para tratar de justificar su abandono al bien arrendado objeto del contrato. Sin embargo, uno de los hechos bien admitidos en la reconvención fue el siguiente: "[l]a demandante sin justificación alguna, abandonó la propiedad el 7 de mayo de 2023, o sea, antes que venciera el contrato". Dando este hecho por cierto, el foro apelado desestimó la reclamación.

Como puede observarse, la "Demanda" no se desestimó por la anotación de rebeldía a la Sra. Ortiz Sierra, sino como consecuencia de los efectos que ello conlleva. Según mencionamos, la anotación de rebeldía tiene el efecto de dar por admitidas todos los hechos bien alegados en la reconvención. En este caso, se dio por admitido el hecho bien alegado de que la Sra. Ortiz Sierra abandonó la propiedad arrendada sin justificación alguna. Esto, contradice la alegación de la apelante a los efectos de que esta abandonó justificadamente la propiedad objeto del contrato. Por consiguiente, procedía que el TPI desestimara la "Demanda".

**IV.**

Por los fundamentos antes expresados, los que hacemos formar parte de este dictamen, se confirma la "Sentencia Parcial" apelada emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones